FILED

AUG 18 2025

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF TEXAS**

**SAN ANTONIO DIVISION**

CODY JAMES AKEROYD,
Plaintiff,

v.

CITY OF NEW BRAUNFELS;
NEW BRAUNFELS POLICE DEPARTMENT;
Officer Akers (Badge #257);
Officer Beltran (Badge #153);
Officer Ashby (Badge #259);
Officer Greg Fuller (Badge #2433),
Defendants.

SA25CA1016 OG

Civil Action No.: _____
COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983 – First, Fourth, and Fourteenth
Amendments)

## I. JURISDICTION AND VENUE

1. This is a civil rights action pursuant to 42 U.S.C. § 1983 seeking damages and injunctive relief for
violations of Plaintiff's rights under the United States Constitution.
2. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the
Constitution and laws of the United States.
3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events giving rise to this claim
occurred in New Braunfels, Texas, within the Western District of Texas, San Antonio Division.

## II. PARTIES

4. Plaintiff: Cody James Akeroyd is a resident of Texas.
5. Defendant City of New Braunfels is a Texas municipality that operates and oversees the New
Braunfels Police Department.
6. Defendant New Braunfels Police Department is a department of the City of New Braunfels.
7. Defendant Officer Akers (Badge #257) is a sworn police officer employed by the New Braunfels
Police Department and was acting under color of law at all relevant times.
8. Defendant Officer Beltran (Badge #153) is a sworn police officer employed by the New Braunfels
Police Department and was acting under color of law at all relevant times.
9. Defendant Officer Ashby (Badge #259) is a sworn police officer employed by the New Braunfels
Police Department and was acting under color of law at all relevant times.
10. Defendant Officer Greg Fuller (Badge #2433) is a sworn police officer employed by the New
Braunfels Police Department and was acting under color of law at all relevant times.

## III. FACTUAL ALLEGATIONS

11. On or about August 18, 2023, at approximately 3:00 PM, Plaintiff was engaged in constitutionally protected activity—recording police officers in public and verbally criticizing their failure to take law enforcement action—outside Buc-ee's, New Braunfels, Texas.

12. Earlier that same day, Plaintiff had been threatened verbally and with a firearm by another individual behind the Chick-fil-A located on Walnut Avenue, New Braunfels, Texas. This incident was captured on video, and witnesses were present.

13. Plaintiff reported this armed threat to Defendants, who chose not to arrest or detain the perpetrator.

14. Plaintiff later encountered Defendants at Buc-ee's and recorded the officers, expressing criticism regarding their failure to act on the reported armed threat.

15. Defendants told Plaintiff he was "free to go." Plaintiff refused to leave, instead continuing to ask questions and express concerns about the officers' inaction.

16. Defendants then ordered Plaintiff to "leave or go to jail."

17. Plaintiff continued engaging in protected speech and recording in a public forum.

18. Without lawful cause or a valid warrant, Defendants arrested Plaintiff for refusing to leave while he was engaged in protected First Amendment activity.

19. Plaintiff was seized and detained in violation of his rights under the First and Fourth Amendments to the United States Constitution.

20. Defendants' actions were intentional, malicious, and taken with reckless disregard for Plaintiff's constitutional rights.

21. After Plaintiff filed a written Preservation of Evidence request regarding the August 18, 2023 incidents, Defendant New Braunfels Police Department deleted all body-worn camera footage from Officer Ashby for that date.

22. The deleted footage included the period of time in which Plaintiff's arrest occurred and the related armed threat investigation.

23. This destruction of relevant evidence occurred after Defendants were on notice that litigation was likely and after a formal preservation request had been made.

24. Following Plaintiff's arrest, Defendants placed Plaintiff in Officer Ashby's patrol car, which Ashby admitted—and it was later proven—had a non-functioning air conditioner unless the vehicle was in motion.

25. On August 18, 2023, the outdoor temperature exceeded 100 degrees Fahrenheit.

26. Plaintiff was confined in the hot patrol car for approximately five to six minutes with no functioning air conditioning, causing physical discomfort, profuse sweating, and distress.

27. Plaintiff was then moved to another patrol car with working air conditioning.

28. At the Comal County Jail, during intake, the nurse recorded Plaintiff's blood pressure as abnormally high, requiring a second reading to ensure Plaintiff's health.

29. Plaintiff's blood pressure is normally within a healthy range, indicating the spike was caused by the heat exposure and stress of the arrest.

30. As a result of Defendants' conduct described above, Plaintiff suffered loss of liberty, emotional distress, humiliation, reputational harm, physical discomfort, and other damages.

## IV. CLAIMS FOR RELIEF

Count 1 – First Amendment Retaliation (42 U.S.C. § 1983)

31. Plaintiff incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

32. Plaintiff was engaged in protected speech and expressive conduct, including recording public officials in the performance of their duties and criticizing their actions in a public forum.

33. Defendants arrested Plaintiff in retaliation for this protected activity.

34. Defendants' actions would chill a person of ordinary firmness from continuing to engage in such activity.

35. Defendants' actions lacked lawful justification.

Count 2 – Fourth Amendment Unlawful Seizure / False Arrest (42 U.S.C. § 1983)

36. Plaintiff incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

37. Defendants lacked probable cause or reasonable suspicion to arrest Plaintiff.

38. Plaintiff was seized without a warrant, consent, or exigent circumstances.

39. This unlawful seizure deprived Plaintiff of his rights under the Fourth Amendment.

Count 3 – Fourteenth Amendment Due Process Violation & Spoliation of Evidence (42 U.S.C. § 1983)

40. Plaintiff incorporates by reference paragraphs 21 through 23 as if fully set forth herein.

41. Defendants' intentional destruction of body-worn camera footage relevant to Plaintiff's claims deprived Plaintiff of the ability to fully present his case.

42. This conduct was willful, in bad faith, and intended to conceal misconduct, and warrants adverse evidentiary inferences and sanctions.

Count 4 – Fourteenth Amendment: Deliberate Indifference to Medical Needs / Unsafe Conditions (42 U.S.C. § 1983)

43. Plaintiff incorporates by reference paragraphs 24 through 29 as if fully set forth herein.

44. Defendants, acting under color of law, knowingly placed Plaintiff in dangerous conditions by leaving him in a patrol car with no air conditioning in extreme heat.

45. This conduct created a substantial risk of serious harm to Plaintiff's health.

46. Defendants acted with deliberate indifference to Plaintiff's health and safety, in violation of the Fourteenth Amendment.

Count 5 – Municipal Liability – Monell (42 U.S.C. § 1983) (Against the City of New Braunfels)

47. Plaintiff incorporates by reference paragraphs 1 through 30 as if fully set forth herein.

48. The City of New Braunfels, acting through the New Braunfels Police Department, maintained and enforced policies, practices, or customs that were the moving force behind the violations of Plaintiff's constitutional rights, including: (a) failure to train officers on First Amendment rights and limits of arrest authority; (b) tolerance of arrests without probable cause; (c) failure to discipline officers who engage in retaliatory arrests or destroy evidence; and (d) acquiescence in a culture that suppresses protected speech through arrest.

49. The need for proper training, supervision, and discipline was so obvious, and the inadequacy so likely to result in constitutional violations, that the City's policymakers were deliberately indifferent to the risk.

50. These policies, practices, and customs directly caused the First, Fourth, and Fourteenth Amendment violations suffered by Plaintiff.

## V. DAMAGES AND PRAYER FOR RELIEF

51. As a direct and proximate result of Defendants' actions, Plaintiff suffered loss of liberty, severe emotional distress, public humiliation, reputational harm, physical pain and discomfort, and financial loss.

52. Plaintiff requests compensatory damages in the amount of $450,000; punitive damages in the

amount of $350,000; reasonable attorney's fees and costs under 42 U.S.C. § 1988; injunctive relief preventing Defendants from engaging in similar unconstitutional conduct and destruction of evidence; expungement of any arrest records arising from this incident; and such other relief as the Court deems just and proper.

Respectfully submitted,

Cody James Akeroyd
286 Castin Lane #3
New Braunfels, TX 78130
Phone: (210) 414-1510
Pro Se Plaintiff

Date: _8-18-25_

Kingcja05@yahoo.com